DANIEL MALAKAUSKAS, SBN 265903
P.O. Box 7006
Stockton, CA 95267
Tel: 866-790-2242
Fax: 888-802-2440
daniel@malakauskas.com

Attorney for PLAINTIFF:
**JAMES RUTHERFORD**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| **JAMES RUTHERFORD,**<br><br>PLAINTIFF,<br><br>v.<br><br>**DHS WE CARE, INC.**, as an entity, and doing business as "We Care Spa", **WE CARE PROPERTIES, L.P.**, and DOES 1-10, inclusive,<br><br>DEFENDANTS. | Case No.:<br><br>**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF: 1) TITLE III OF THE AMERICANS WITH DISABLTIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; 3) THE CALIFORNIA DISABLED PERSONS ACT.**<br><br>[42 U.S.C. §§12101-12213; Cal. Civ. Code §§51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, JAMES RUTHERFORD, (hereafter, "Mr. Rutherford" or "Plaintiff," through his Attorney, DANIEL MALAKAUSKAS, P.O. Box 7006, Stockton, CA 95267; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied his civil rights, hereby respectfully alleges, avers, and complains as follows:

COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF

**THIS COURT CAN GRANT JUSTICE TO A DISABLED SENIOR**

1.      Mr. Rutherford is a disabled person, who suffers from spinal stenosis aggravated by a herniated disc which impairs his ability to walk, standing, ambulate, and sit.  Mr. Rutherford also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist and turn objects. In April 2017, Mr. Rutherford was denied the full and equal access to a public accommodation located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

2.      Mr. Rutherford now asks that this court stand up for his rights under the American with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

**THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

3.      The United States District Court has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (a)(4), for violations of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.  The United States District Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, California Civil Code §51, et seq., and, or, the California Disabled Persons Act, California Civil Code §§54-55.3, pursuant to 28 U.S.C. § 1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state law claims also arose from the same nucleus of operative facts, or transactions.

4.      Venue in this Court is proper under 28 U.S.C. §1391(b)(2) as the claims alleged herein arose in the Central District, specifically at the real property located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

5.      The Eastern Division of the Central District of California, is the proper intradistrict because all claims herein arose at the real property located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

## THE VICTIM AND THOSE RESPONSIBLE

6.      Mr. Rutherford is a disabled person, who suffers from spinal stenosis aggravated by a herniated disc.  Mr. Rutherford also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist and turn objects. As a result of his physical impairments, Mr. Rutherford is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and, or sitting and uses a mobility device, including when necessary, a wheelchair.  Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles.  Plaintiff is also the holder of a Disabled Person Parking Placard.  Mr. Rutherford is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54, at the time of Plaintiff's visits to Defendant's facility and prior to instituting this action. However, the Chamber of Commerce and other business interests have fought to strip the rights of the disabled by purchasing influence, whether directly, or indirectly, within the state assembly and state senate. Therefore, due to their deplorable conduct and disdain for the disabled, Mrs. Hopson may be considered a "high-frequency" under California Code of Civil Procedure § 425.55 since Mrs. Hopson has filed twenty-two lawsuits prior to this lawsuit in the previous twelve months.

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

7.      Defendant, DHS WE CARE, INC. (Hereafter, "DEFENDANT I") and DOES 1-5, are and at all times herein mentioned tenants, and operate as a business establishment, and holds themselves out to the public, and does business as "WE CARE SPA" which is located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241, and has substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

8.      Defendants, WE CARE PROPERTIES, L.P., (Hereafter, "DEFENDANT II") and DOES 1-5, are and at all times herein mentioned, owns, operates, manages, and has substantial control over the real property, including the interior and exterior of the building, the parking lot and all spaces adjacent to the building, located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

9.      Defendants, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with Defendants, DEFENDANT I, and, or, DEFENDANT II, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such have substantial control over the such real property located in 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

10.     Defendants, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with Defendants, DEFENDANT I, DEFENDANT II, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such have substantial control over the such real property located in 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

11.     The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of court to amend complaint to alleged their true names and capacities at such times as they are ascertained.

12.     Plaintiff is informed and believes and thereon alleges that each of the defendants, including Does 1 through 10, caused and is responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with other who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

## MR. RUTHERFORD WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMODATION AND NOW FIGHTS FOR ALL DISABLED

13.     Mr. Rutherford is a disabled person, who suffers from spinal stenosis aggravated by a herniated disc.  Mr. Rutherford also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist and turn objects. As a result of his physical impairments, Mr. Rutherford is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and, or sitting and uses a mobility device, including when necessary, a wheelchair.  Plaintiff is further substantially limited in performing one or more other major life activities, including but not limited to ability to grab, twist, and turn objects such as door handles.  Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

14.     In 2017, Mr. Rutherford desired to go and use the services, and, or, buy products at "WE CARE SPA" located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241.

15.     While in the parking lot adjacent to, or surrounding, or while inside the business, Mr. Rutherford personally encountered a number of barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.  Specifically, Mr. Rutherford experienced, and personally noticed that:

16.     Mr. Rutherford had difficulty accessing the business.  The business has no accessible parking spaces, van accessible parking spaces, accessible parking access zones, accessible parking signage, striping, universal symbol of accessibility markings or accessible parking available whatsoever.  Even worse the business did not have an accessible route of travel throughout the business.  This made it difficult for Mr. Rutherford to park, to access the facility, and deterred him from bringing his fiancé, who also suffers from a severe mobility disability, in the future.

17.     Despite Mr. Rutherford's wish to patronize the business again, the barriers described in this complaint deter Mr. Rutherford from visiting the business anymore in the future because he knows that the business's goods, services, facilities, privileges, advantages, and accommodations are unavailable to physically disabled patrons such as himself.

18.     Plaintiff alleges, on information and belief, that Defendants' knew that such barriers existed and that the Defendants' failure to remove the barriers were intentional as the particular barriers mentioned above were intuitive and obvious and the Defendants exercised control and dominion over the conditions of the real property and building and had the financial resources to remove such barriers.  Furthermore, Plaintiff alleges, on information and belief, that such modification was readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

19.     Mr. Rutherford must now bring this lawsuit to encourage defendants to ensure that their property is accessible to all.


## FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA
### (As to all Defendants)

20.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21.     The parking lot and building of real property, known as the "WE CARE SPA" located at 18000 Long Canyon Road, Desert Hot Springs, CA 92241 is owned, controlled, operated, leased, and managed by defendants, DEFENDANT I, DEFENDANT II and DOES 1-10, or their agents.  The business "WE CARE SPA", including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. §12181 and 28 C.F.R. §36.104.

22.     By owning, leasing, or operating the public accommodation known as "WE CARE SPA", pursuant to 42 U.S.C. §12182(a), Defendants are prohibited from discriminating against Plaintiff by denying him, on the basis of his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by "WE CARE SPA" or any other business in such shopping center.

23.     In order not to discriminate against a disabled individual, pursuant to 28 C.F.R. §36.101 and §36.102, Defendants must ensure that such public accommodation is designed, constructed, and altered in compliance with the accessibility standards established by 28 C.F.R. §36.101 et seq., and has proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities,

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

privileges, advantages, or accommodations offered by the public accommodation.   42 U.S.C. §12181(9), 42 U.S.C. §12182(b)(2)(A)(iv) and (v), 42 U.S.C. §12183(a)(1) and (2).

24.     Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.   While at the interior, exterior, parking lot, or adjacent spaces, of the business known as "WE CARE SPA" Mr. Rutherford personally encountered a number of barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25.     Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barrier at the real property:

26.     The parking lot failed to have any accessible parking stalls in violation of the ADAAG.

27.     There is no accessible route on the real property between all accessible buildings, facilities, elements, and spaces on the same site, or such accessible route fails to connect all such accessible buildings, facilities, elements, and spaces on the same site in violation of ADAAG 4.3.2.

28.     The common use swimming pool failed to have any one accessible means of entry in violation of ADAAG 15.8.2.

29.     As a direct and proximate cause of Defendants' conduct, Plaintiff, was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation, in a manner that is equal to those afforded to other non-disabled individuals in violation of 42 U.S.C. §12181.

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

30.     Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants' as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disable persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able bodied persons.

**SECOND CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 51**
**(As to all Defendants)**

31.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

32.     Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f) and §52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

33.     Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in difficulty, discomfort or embarrassment to Plaintiff.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than four-thousand dollars (4,000 USD) for each and every violation pursuant to California Civil Code §55.56(a) through (c).

**THIRD CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 54**
**(As to all Defendants)**

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

34.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

35.     Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §54.1(d) and §54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

36.     Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in difficulty, discomfort or embarrassment to Plaintiff.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than one-thousand dollars (1,000 USD) for each and every violation pursuant to California Civil Code §55.56(a) through (c).

## PRAYER

WHEREFORE, Plaintiff prays the following:

1.     For injunctive relief, but not pursuant to California Civil Code §55 and the Disabled Person Act at all, directing DEFENDANTS to modify its' facilities and policies as required by law to comply with the American with Disabilities Act, and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANTS provide adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing DEFENDANTS to maintain its facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

2.      Retain jurisdiction over DEFENDANTS until such time as the District Court is satisfied that DEFENDANTS' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.      Award to PLAINTIFF all appropriate damages, including, but not limited to, either statutory damages including no less than four-thousand dollars (4000 USD) for each and every violation of California Civil Code §51 or no less than one-thousand thousand dollars (1000 USD) for each and every violation of California Civil Code §54, with either California Civil Code §51 or California Civil Code §54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.      Award PLAINTIFF all litigation expenses and costs of this proceeding, and all reasonable attorney's fees as provided by law, including but not limited to, 42 U.S.C. §12205, Cal. Civ. Code §52 and §54.3; and

5.      Grant such other and further relief as this District Court may deem just and proper.

Date: September 19th, 2017

/s/ Daniel Malakauskas_____
By: DANIEL MALAKAUSKAS
Attorney for PLAINTIFF
JAMES RUTHERFORD

**COMPLAINT BY PLAINTIFF, JAMES RUTHERFORD, AGAINST DEFENDANTS, DHS WE CARE, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**